C. H. BROCK, Appellant, v. ELLSWORTH STATE SAVINGS BANK, Appellee.

JUDGMENT: Setting Aside Default—Violation of Stipulation. A default may be set aside on a showing that plaintiff himself had long been in default in making up the issues; that a stipulation existed under which it was agreed that proceedings should be stayed pending the outcome of plaintiff's intervention in another action; that negotiations had been repeatedly had for a compromise; and that defendant, in addition to having a prima-facie defense, was taken wholly unaware by the default.

**JUDGMENT:   Setting Aside Default—Separate Trial of Issues.   On an**
2   application to set aside a default, the merits of the defendant's
excuse for suffering default, and the issue whether defendant has
made a prima-facie showing of good defense, may be tried jointly,
in the absence of any request for separate trials.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

JANUARY 10, 1922.

PLAINTIFF obtained a judgment against defendant by de-
fault.   Thereafter, defendant filed its application to set aside
the default, which was sustained by the court.   The plaintiff
appeals.—*Affirmed.*

*Jordan & Jordan* and *R. G. Remley,* for appellant.

*O. J. Henderson,* for appellee.

PRESTON, J.—The default judgment against defendant was
for about $1,200 or $1,300.   This suit was brought February 5,
1915, to recover of the defendant $1,000 and interest, for money
1. JUDGMENT: set-   deposited with defendant, with other papers, in
ting aside de-   a land trade of some magnitude.   The $1,000 was
fault: violation
of stipulation.   deposited with the other papers in escrow.   It
was claimed that the money and papers were deposited with one
Craigwick, who, as an officer of the bank, accepted the papers
on behalf of the bank, for the purpose of holding for plaintiff;
that, in violation of the trust, the bank surrendered the title pa-
pers and the money deposited.   Plaintiff was then represented
by Jordan & Jordan, of Des Moines.   On the same day that this
suit was brought, another case was filed by the Farmers Savings
Bank against Ellsworth Milling Company, which was a fore-
closure suit in which this plaintiff was intervener, the question,
as we understand it, being whether the savings bank or this
plaintiff had the prior claim to the papers, because this plaintiff
alleged that the defendant herein had wrongfully delivered the
papers to the savings bank.   Mr. Henderson, attorney for the
defendant herein, at that time agreed to represent plaintiff,
Brock, locally, but soon afterwards withdrew from the other

case, because of conflicting interests between Brock and this defendant. Mr. Henderson has, at all times, represented this defendant in the instant case. A few days thereafter, February
16, 1915, a written stipulation in the instant case was signed
by one of the Jordans for plaintiff, and by Mr. Henderson for
defendant, to the effect that plaintiff, Brock, proposed to intervene and assert his rights in the other case; that said intervention should be without prejudice to either party to this suit;
that this case might be continued without rulings or orders, to
abide the final decree in the other case, or until a ten days'
written notice was given by either party hereto, or his attorney,
to the other party, or his attorney. No such written notice was
ever given defendant or its attorney, nor had. the other case
been finally determined before plaintiff took a default and·
proved up his claim in the instant case. The default and judgment were entered July 28, 1919. This was the afternoon of a
special term of court, to try equity cases. Defendant's counsel
was present in the forenoon of that day, but absent in the afternoon. He was not informed that it was proposed to take a
default and prove up the case. One of plaintiff's attorneys from
Des Moines, and plaintiff, had come from Des Moines. Counsel
for defendant did not know that they were in town. The default was taken perhaps by Mr. Remley, representing plaintiff
locally, and proved up by plaintiff's other counsel. On August
22, 1919, defendant filed its petition to set aside the default and
judgment, and attached to the application, and tendered and
filed, prematurely perhaps, its answer. The application, however, did contain an affidavit of merits, and its excuse for having
made default. This application was not heard and determined
for nearly a year after it was filed, at which time the application
was sustained, the court fixing terms. Some of the matters set
up as an excuse have already been referred to, and others will
be referred to later herein.

Before going to that, it may be well to state, as briefly as
may be, other proceedings had herein prior to the default. On
February 15, 1915, defendant demurred to the petition. On
May 17, 1915, the court ordered that the case should be dismissed, if it was not noted for trial at the next term of court.
On June 1st thereafter, that order was set aside. The case then

rested for a year or more, when, on October 23, 1916, defendant's demurrer was submitted and sustained. On November 18th thereafter, plaintiff filed an amended and substituted petition. On December 5, 1916, defendant moved for more specific statement, which was sustained in part on December 6th. The plaintiff did not amend his petition the next day, as required by Code Section 3555. On the contrary, plaintiff himself was in default for almost two and one-half years before he amended his petition, March 21, 1919, in compliance with the order of court to make it more specific.

Defendant did not take advantage of plaintiff's default. The case rested quietly during this time, and almost without any disturbance. During that time, the cause was once continued and once dropped from the calendar at plaintiff's cost, with leave to reinstate. Thereafter, plaintiff moved to reinstate the case, which motion was sustained. During the time stated, plaintiff filed three or four trial notices, although he was himself in default, and the case was not at issue. Defendant's application to vacate was amended, as was the plaintiff's answer thereto. Five or six witnesses were examined in open court. A number of exhibits were introduced in evidence, and two affidavits by plaintiff's attorneys were made part of their resistance to defendant's petition to vacate. The defendant contends that plaintiff violated the written stipulation, and that it was misled thereby,— or rather, its counsel. Defendant also shows that it was misled by the other proceedings had, prior to the default judgment, by plaintiff's failure to cause the issues to be made up, and by the further fact that, during all this time, and down to a time in 1920, there was talk among the three parties, plaintiff and the two banks, to settle the matter, each of the three to lose one third of the $1,000; that defendant's counsel was lulled into a sense of security by the conduct of plaintiff and his attorneys.

The application and the evidence are too long to refer to, except in a brief manner, which we shall attempt to do. The evidence of defendant's counsel is that he had no actual knowledge of the filing of plaintiff's amendment, March 21st, though he admits constructive notice by the notation on the notice book, which he says he examined from time to time. He says, however, that he had never seen this filing; that, during the two

and one-half years, plaintiff's counsel Jordan lived at Des Moines; that he did not know that Mr. Remley was in the case before the default was entered; that Remley's name did not appear on the records, appearance docket, or bar dockets; that he did not know that any new appearance had been made or amendment filed, or that any default would or could be called until after the judgment had been entered, court adjourned, and execution ordered; that several times the court proposed to drop the case from the calendar for want of prosecution, but, in deference to the nonresidence of plaintiff and his counsel, counsel for defendant asked the court to let the case rest without dismissal or other order; that the case was dropped, a time or two, in his absence; that Mr. Remley was present in court in the forenoon of July 28th, but did not ask for default while Henderson was present; that Henderson, because of the stipulation, had, in good faith, endeavored to preserve the status of the case, awaiting a determination of the other case; that, when the application to vacate was first filed, Henderson had forgotten the written stipulation, but remembered, in a general way, that there was an understanding of that import, and later found the written stipulation, which was set up in the amendment. The same judge made the order vacating the judgment who had originally rendered the judgment.

In defendant's application is a showing of merits. Briefly, the defense is that plaintiff is not the real party in interest, having sold or assigned his interest in the matter to another, and that Craigwick, in this matter, was not acting for the bank, but that he was, in fact, the agent of the plaintiff and in his employ, and was acting for plaintiff only; that Craigwick had been interested in the land trade out of which the deposit grew, and that he had been paid, as such agent, $400 in money as commission; that the bank had nothing to do with it, and assumed no responsibility for it; and that, if plaintiff's own agent violated his instructions, and used the papers in a deal with the savings bank, this defendant is not responsible. The facts upon which such defense rests are set out in the application.

We deem it unnecessary to go into the evidence in further detail. Mr. Henderson's affidavit or evidence is not disputed in the essential points, though there is some conflict as to some

points.  Henderson is corroborated at some points by testimony for plaintiff.  The stipulation before referred to was in writing, and is not denied, although counsel for plaintiff claim that it had been waived or abandoned by the conduct of counsel for defendant, before set out.

1.  Appellant contends that the two matters referred to in the statute—that is, the showing as to the excuse for the default and the showing as to the merits of the defense—should have been tried separately.  Appellant did not ask that this be done.  It was competent for the parties to waive a separate trial, and to try both in one.  *Dolph v. Wortman*, 191 Iowa 1364.  The statutory requirements seem to be somewhat different where the application is made during the same term (Code Section 3790) and where the application is made, as here, at a later term (Code Section 4097).  After the default is set aside, the case will be tried on the merits.  But it is not contemplated that the merits of the defense or the case shall be tried out on the application to vacate the judgment.  A prima-facie showing is all that is required.  *Johnson, Lane & Co. v. Nash-Wright Co.*, 121 Iowa 173, 182.

2. JUDGMENT: setting aside default: separate trial of issues.

2.  Numerous cases are cited by appellant to the proposition that mere negligence of one's attorney is not ground for setting aside a default, and that judgment should not be vacated in favor of one who fails to show that he has a defense to the action.  These legal propositions are not disputed.  The trial court found that there was a sufficient showing to excuse defendant's default, and as to the merits.  Considering the stipulation that was entered into between the attorneys, plaintiff's default and delay, the negotiations for settlement, and all the circumstances in the case, some of which have been before stated, we are of opinion that the trial court did not abuse its discretion in setting aside the default and granting a new trial.  The showing as to defendant's excuse for the default and as to the merits was sufficient.  As sustaining our conclusion, see *Wallace v. Wallace*, 141 Iowa 306; *Bennett v. Carey*, 72 Iowa 476; *Fogarty v. Battles*, 145 Iowa 61; *Oviatt v. Oviatt*, 174 Iowa 512, 521; *Reilley v. Kinkead*, 181 Iowa 615.

3.  The trial court has a large discretion in ruling on an

application to set aside a default, particularly where a new trial is granted, rather than where it is refused; and unless there was a manifest abuse of such discretion in permitting a trial upon the merits, the order of the court will not be disturbed. *Hueston v. Preferred Acc. Ins. Co.*, 161 Iowa 521; *Rock Island Plow Co. v. Bixby*, 166 Iowa 559, 565; *Nels v. Rider*, 185 Iowa 781, 784; *Foley v. Leisy Brew. Co.*, 116 Iowa 176; *Sitzer v. Fenzloff*, 112 Iowa 491.

4. As we understand the record, defendant filed its answer on the same day that the petition to vacate the order was filed, and tendered answer by attaching a copy to the application. The terms imposed by the trial court in vacating the judgment were that judgment was rendered against defendant for the costs until that time. The order does vacate the judgment, and permits defendant to defend, and sets the case down for trial at the next term. It made no reference to filing answer by defendant. Since appellant contends that the answer was prematurely filed, appellee is now given leave to refile the answer; or perhaps counsel may agree that the answer already filed may be so considered.

The judgment and order of the district court is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.