JOHN L. CLARKE, Appellee, v. O. E. SMITH et al., Appellants.

**JUDGMENT:** Opening or Vacating—Forgetfulness or Misunderstanding
1  of Attorney. A default judgment may be set aside on a showing that the attorney employed to appear and defend either forgot that he had been employed to defend or did not understand that he had been retained.

**JUDGMENT:** Opening or Vacating—Showing of Defense. A prima-
2  facie showing of defense to an action is sufficient, in an application to set aside.

*Appeal from Clinton District Court.*—D. V. JACKSON, Judge.

MARCH 6, 1923.

REHEARING DENIED JUNE 22, 1923.

ACTION in equity to vacate and set aside a judgment on default entered against the plaintiff in favor of the defendant Smith, and to enjoin the defendant City National Bank from paying to the sheriff or clerk of the district court any funds belonging to plaintiff in its hands on garnishment proceedings to satisfy said judgment. The trial court granted the relief as prayed in plaintiff's petition and entered decree accordingly. Defendants appeal.—*Affirmed.*

*E. L. Miller,* for appellants.

*John E. Purcell,* for appellee.

DE GRAFF, J.—Plaintiff seeks to put himself *in statu quo,* and this appeal concerns itself with the correctness of the ruling of the trial court in granting the relief to which plaintiff claims

1. JUDGMENT:
opening or va-
cating: forget-
fulness or mis-
understanding
of attorney.

he is entitled. It appears that on December 1, 1921 a default judgment was entered against the plaintiff herein in favor of defendant Smith in the sum of $750 with interest and costs. In that action Smith (defendant herein) alleged in his petition that $750 was due him from Clarke on the sale of an automobile. After suit was instituted Clarke retained one W. H. Carroll as his attorney to defend the action. The attorney failed in this particular, and by reason of that failure judgment by default was entered. Clarke now seeks to have that judgment set aside, and it is alleged in the instant petition that ''through the unavoidable casualty of the said W. H. Carroll in failing to enter a plea on behalf of said Clarke, and without the said Clarke having knowledge that the said W. H. Carroll had so failed to file said plea,'' a default judgment was entered; that ''by the failure of the said W. H. Carroll to enter said plea on behalf of Clarke, he was prevented from defending in said action, in which he had and has a good, just, and meritorious defense, in that, on or about February 16, 1921, said Clarke entered into an oral contract with the said Smith by which he agreed to sell and deliver to said Smith a certain Oldsmobile automobile, and that, on that day, pursuant to said contract, the said automobile was sold to said Smith for the sum of $750, and that title to said car passed, and that the sale was completely consummated; that, subsequently, about four weeks later, said car, while in possession and ownership of said Smith, was stolen,'' and that said Smith predicated his action, in which said judgment by default was entered, for the recovery of the $750 so paid for said automobile.

The evidence quite satisfactorily shows that the attorney employed by Clarke to defend in the original action utterly failed to give the matter any attention, and that due to oversight and lapse of memory on his part caused the judgment by default to be entered. Carroll himself testified: ''I have no independent recollection, even now, of Mr. Clarke consulting me about this case. * * * The case, as I say, entirely escaped my mind.''

It further appears that the attention of Attorney Carroll was called to the case in Judge Wolfe's office sometime prior to the entering of the default. At that time Carroll told Judge

Wolfe: "I don't believe I am in that case. I didn't think I was. I didn't have any recollection of being in the case at that time." Carroll promised in a later conversation with Attorney John Wolfe that he would phone Mr. Clarke to ascertain whether or not he was in the case. He forgot to do this. He never obtained a copy of the petition until after the judgment was obtained, although he was granted 10 days to plead as shown by the court record, but he had no personal recollection of that event.

The facts are not in material dispute, and under the facts the plaintiff is not chargeable unless it may be said that the default was entered by reason of such negligence on the part of the attorney that the client is bound. Clearly it is a case of mistake or misfortune due to the limitations of the human mind. *Jean v. Hennessy,* 74 Iowa 348; *Barto v. Sioux City Elec. Co.,* 119 Iowa 179. Attorneys are mere men charged by the law to be diligent, but misunderstandings and mistakes do and will undoubtedly arise for which their client should not be held responsible. *County of Buena Vista v. I. F. & S. C. R. Co.,* 49 Iowa 657.

In the instant case the attorney did not misunderstand the extent of his employment; he did not understand that he was employed at all. There is no question but what Clarke engaged the services of Carroll as attorney to represent him, and admonished him not to be neglectful of the case. The client was assured by the attorney that the matter would receive attention. What more could a client do to protect his interests under the circumstances? He acted in good faith and had a right to rely on his attorney, and that the attorney would do all things required of him for the purpose of defense. It cannot be said that the client was negligent, and he had no reason to anticipate the failure of his attorney to attend to the matter. The negligence of the attorney, if such it may be called, cannot be imputed to the client under the facts in the instant case. Not every act of inadvertence on the part of an attorney is negligence imputable to the client. *McMillan v. Osterson,* 191 Iowa 983.

The petition in the instant case is predicated on Section 4091 of the Code which provides that a judgment may be vacated

"for unavoidable casualty or misfortune preventing the party from prosecuting or defending."

Section 4096 of the Code provides that "the judgment shall not be vacated on motion or petition until it is adjudged there is a cause of action or defense to the action in which the judgment is rendered." The facts of this case bring the plaintiff within the purview of the foregoing provisions. A prima-facie showing is all that is necessary. *Brock v. Ellsworth State Sav. Bank,* 192 Iowa 1042. The law favors a trial on the merits, and the sufficiency of the showing rests largely in the discretion of the trial court. *Farmers Exch. Bank v. Trester,* 145 Iowa 665; *Reilley v. Kinkead,* 181 Iowa 615.

2. JUDGMENT: opening or vacating: showing of defense.

The record discloses that prior to the filing of the petition in this cause, but at the next term of court after default, a motion with answer was filed to set aside the judgment and default. This came too late. Code Section 3790. Plaintiff then instituted this action under the provisions of Section 4091. The order of the trial court in granting relief to the plaintiff on the ground of unavoidable casualty and misfortune was proper, and the judgment entered is therefore—*Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.