GUS THORESON, Appellee, v. CENTRAL STATES ELECTRIC COMPANY, Appellant.

HANS P. NIELSEN, Appellee, v. CENTRAL STATES ELECTRIC COMPANY, Appellant.

O. M. JOHNSON, Appellee, v. CENTRAL STATES ELECTRIC COMPANY, Appellant.

JOHN NELSON, Appellee, v. CENTRAL STATES ELECTRIC COMPANY, Appellant.

GUS THORESON, Appellee, v. CENTRAL STATES ELECTRIC COMPANY, Appellant.

No. 44359.

JANUARY 10, 1939.

Clark, Byers & Garber, C. F. Richards, and O. R. Larson, for appellee.

Maher & Mullen, and Burnstedt & Hemingway, for appellant.

STIGER, J.—In April, 1933, plaintiffs in the above suits commenced identical actions at law against defendant alleging the purchase of certain shares of preferred stock from the company, that the sale was made in violation of the provisions of the Iowa Security Act—chapter 393-c1, section 8581-c1 et seq., Code of Iowa, and also alleged an oral agreement by the company to repurchase said stock. On April 3, 1933, defendant filed a motion in each of the cases for more specific statement and to strike. These motions were not submitted to the court, ruled on or withdrawn and are still pending. No answer has been filed by defendant.

On September 25, 1935, the Honorable T. G. Garfield, presiding judge, on his own motion, dismissed all of the cases for want of prosecution and entered judgment against the plaintiff in each case for costs. The order of dismissal was made without notice to the plaintiffs or their attorneys, and without their knowledge. On September 19, 1936, the plaintiff in each case filed a petition under the provisions of Chapter 552, section 12787 et seq., 1935 Code, to reinstate the cause of action and vacate

the judgment for costs, and after reinstatement, prayed that the issues be fully made up and cause assigned for trial and tried upon its merits.

By stipulation the five cases were consolidated and it was agreed that the ruling of the court on the application in the Thoreson case would apply alike to all the cases.

Code section 12787, subsection 5, found in chapter 552, reads:

"12787. Judgment vacated or modified—grounds. Where a final judgment or order has been rendered or made, the district court, in addition to causes for a new trial hereinbefore authorized, may, after the term at which the same was rendered or made, vacate or modify the same or grant a new trial: * * *

"5. For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

The chapter further provides that the proceedings shall be tried as ordinary actions.

The trial court found that unavoidable casualty or misfortune prevented plaintiff from prosecuting the suits, set aside the orders of dismissal, vacated the judgments for costs, and ordered the issues to be made up forthwith.

Plaintiffs had employed counsel and had done all that could reasonably be required of them. The undisputed evidence of the plaintiffs established that at the suggestion of defendant's attorneys, counsel for plaintiffs and defendant had a definite understanding and agreement that the motions were not to be submitted and issues made up until arrangements for hearings on the motions could be made to suit the convenience of all the lawyers interested in this important litigation. We fully concur in the following statement of the trial court in the decree:

"I am quite sure that if Judge Garfield had understood at the time of entering the order of dismissal of these suits that any oral agreement such as is claimed by Mr. Larson was in existence, he would not have dismissed these cases, at least without notice to the plaintiffs or their attorneys. Inasmuch as no move was made by the defendants in any of these cases to bring them to an issue, apparently they were content to let the cases ride along under the oral agreement in question, and it does not

seem to me it would be just, now, under the circumstances, to sustain them in their present contention."

■ This court has frequently vacated judgments under the provisions of chapter 552, where like or similar agreements have been established, on the ground that the circumstances under which the judgment was rendered constituted unavoidable casualty or misfortune preventing the parties from prosecuting or defending. La Forge v. Cooter, 220 Iowa 1258, 264 N. W. 268; First National Bank v. Federal Reserve Bank, 210 Iowa 521, 231 N. W. 453, 69 A. L. R. 1329; Brock v. Ellsworth State Savings Bank, 192 Iowa 1042, 186 N. W. 3.

Misunderstandings between counsel or counsel and clients have been held to justify ·the vacation of a judgment on the ground of unavoidable misfortune. Clarke v. Smith, 195 Iowa 1299, 192 N. W. 136; Krause v. Hobart, 173 Iowa 330, 155 N. W. 279; Barto v. Sioux City Electric Co., 119 Iowa 179, 93 N. W. 268.

In the Krause case, supra, Justice Evans, speaking for the court, stated [page 331 of 173 Iowa, page 280 of 155 N. W.]:

"The determination of such question involves a considerable discretion on the part of the trial court. The trial judge is in a position to apply his judgment in such a case in the light of the surroundings of the parties. We interfere reluctantly with such an order of the trial court as the one before us. Only an abuse of discretion will warrant our interference. And this is especially so where the court has exercised its discretion in favor of a new trial."

In the instant case there was a clear, definite understanding between counsel which was relied on at all times by counsel for plaintiffs and defendant. There was no negligence on the part of plaintiffs or their counsel. The orders of dismissal were made in the absence of counsel on the court's own motion. We are convinced Judge Garfield would not have dismissed the suits if he had known of the arrangement of counsel. The orders of the trial court granting relief on the ground of unavoidable casualty preventing plaintiffs from prosecuting their actions were proper. We find no merit in defendant's claims that: 1. The proceeding was not brought under the provisions of chapter 552. 2. That the lower court did not have jurisdiction. 3. That the

1410

petitions did not specify a ground on which the orders of dismissal could be set aside. 4. That counsel for plaintiffs was guilty of negligence that should be imputed to their clients.

■ Defendant also contends that rule 4 of the court rules of the 11th Judicial District provides that failure to notice a case for trial at any time after a period of one year has elapsed constitutes want of prosecution so as to authorize the dismissal of a case on such ground. Rule 4 is not before us and counsel disagree as to its provisions. Assuming defendant's view of the rule is correct, it should be read in conjunction with Code section 11438 which provides for filing of trial notices where an answer is on file. No answer was on file in this case. Furthermore, it appears that plaintiffs did file trial notices after a year had elapsed after the commencement of the actions.

■ Another contention of defendant is that plaintiffs failed to introduce any evidence to prove they had a valid cause of action. Code sections 12796 and 12798 read:

"12796. Valid defense. The judgment shall not be vacated on motion or petition until it is adjudged there is a cause of action or defense to the action in which the judgment is rendered.

"12798. Grounds to vacate first tried. The court may first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the cause of action or defense."

In cases of this kind the party seeking relief under chapter 552 has the burden of establishing, (1) his ground for vacating the judgment, (2) that he has a valid cause of action or defense to the action in which the judgment was rendered. In re Estate of Kinnan, 218 Iowa 572, 255 N. W. 632; Clarke v. Smith, 195 Iowa 1299, 192 N. W. 136; Brock v. Ellsworth Sav. Bk., 192 Iowa 1042, 186 N. W. 3; Dolph v. Wortman, 191 Iowa 1364, 183 N. W. 814; Reints v. Engel, 130 Iowa 726, 107 N. W. 947; Johnson v. Nash-Wright Co., 121 Iowa 173, 96 N. W. 760.

There must be something more than mere allegations of a cause of action, and it was incumbent on plaintiffs to offer proof sufficient to make a prima facie showing of a meritorious action. Plaintiffs did not introduce any evidence tending to show they had a good cause of action against defendant. The only evidence offered by plaintiffs was the testimony of Mr. Larson which referred solely to the arrangement with Mr. Burnstedt and estab-

lished plaintiff's claim of unavoidable casualty or misfortune.

In the case of Johnson v. Nash-Wright Co., 121 Iowa 173, 96 N. W. 760, the court states on page 182, 96 N. W. on page 763:

"It is true that the court does not finally determine the merits of the defense, but the party asking the privilege of being allowed to interpose it after the rendition of judgment against him should at least go so far as to make a prima facie defense as against the claim on which the judgment was founded. Without any pleading by the opposite party, the facts relied on by way of defense to the original action are directly in issue, and the truth of these facts is to be determined by the court. Code, sections 4095, 4096. If the judgment is vacated, the original action, with the defense interposed, will be tried. But the court is nevertheless charged with the duty in the proceeding to set aside the judgment of ascertaining on the evidence, whether any facts existed which, if established on the retrial, would prima facie constitute a defense."

Section 12796 required an adjudication that plaintiffs have a valid cause of action as a condition precedent to vacating the judgment. No such an adjudication was made. There was no reference in the judgment rendered by the trial court to the merits of plaintiffs' cause of action. The failure of plaintiffs to make a prima facie showing of a valid cause of action is fatal to their proceedings.

The case must be and is reversed. This reversal applies to all the consolidated cases.—Reversed.

Sager, Hale, Bliss, and Miller, JJ., concur.

Hamilton, J., concurs in result.