WESTERN GROCER COMPANY, Petitioner, v. MILTON J. GLENN, Judge, Respondent.

No. 44843.

JUNE 20, 1939.

John J. Kintzinger, for petitioner.

MITCHELL, C. J.—This is an original proceeding in certiorari to test the validity of the ruling of the district court of Dubuque county, Iowa; Hon. Milton J. Glenn, judge.

On December 19, 1938, there was filed in the office of the clerk of the district court of Dubuque county, Iowa, a petition at law in which the Western Grocer Company prayed for judgment against Joe Costa in the amount of $223.35 for merchandise sold to him. The service of the original notice was claimed to be made by substituted service on the 17th of December. Some question is raised as to whether the service was properly made. We do not find it necessary to pass upon that question. The return day was January 3, 1939, and on that day default was entered. On January 4, 1939, Joe Costa filed a motion to set aside the default which came on for hearing on the 12th of January, 1939. Both sides were represented at the hearing by counsel. The court sustained the motion and set aside the default and judgment, to all which the Western Grocer Company excepted. It was from the order setting aside the default and judgment that this writ was sued out.

In the case of First National Bank v. Federal Reserve Bank, 210 Iowa 521, 527, 231 N. W. 453, 456, 69 A. L. R. 1329, this court said:

"It is the policy of the law that every cause of action should be tried upon its merits,—that every party to an action shall have his day in court."

With that thought in mind we proceed to consider the case at bar.

The service of the original notice was by substituted service, that the defendant Joe Costa was not able to read English, that he took the notice to a friend who called up an attorney and asked for an appointment with him. That the attorney was engaged in some work and told Costa's friend to bring Costa with him to the courthouse on the afternoon of January 3, 1939, the return day. The attorney was not informed as to the nature of the consultation they desired with him. It was three-thirty before he got a chance to see Costa. The attorney went to the clerk's office and found that the default had been entered. Immediately a motion to set aside the default and judgment was prepared attached to which were affidavits setting out the facts and on the morning of January 4, 1939, it was filed. A hearing was held on the 12th day of January, 1939, counsel for both sides being present. The court sustained the motion and set aside the default and judgment. The Western Grocer Company

1376

excepted to the ruling. On the 13th day of January, 1939, Costa filed a motion attacking the petition.

In the case of Dickson Fruit Co. v. District Court of Sac County, 203 Iowa 1028, 1030, 213 N. W. 803, 804, this court was confronted with a similar situation. In annulling the writ this court said:

"We are not concerned, in the instant proceeding, with the jurisdiction of either the parties or the subject-matter when the original judgment was entered, but we are concerned with the jurisdiction of the court at the time the ruling on the instant motion was made. The question is whether the court committed error in the ruling on the motion. It is apparent that both the defendant and the plaintiff were within the jurisdiction of the court,—the defendant by reason of his appearance, and the plaintiff, after timely notice of the filing of defendant's motion, by his appearance.

"The court was called upon to decide whether it had jurisdiction of the matter then pending before it. A court may decide a question correctly or erroneously, even though the question involves its jurisdiction in the premises. If the defendant's motion, under the circumstances, had been overruled, the only recourse of the defendant was to appeal. Since the defendant's motion was sustained, the recourse of plaintiff was to appeal. The primary thought is that the trial court had a question to decide, and it had jurisdiction to decide that question. It did decide, and now plaintiff, by writ of certiorari, seeks to question and impeach its right to decide adversely to the plaintiff.

"The remedy of plaintiff, however, is by appeal; and although this fact is not suggested in argument, this court, having issued the writ in the first instance, may now, with the record before it, determine whether certiorari is the proper remedy. See Samek v. Taylor, 203 Iowa 1064, 213 N. W. 801.

"Jurisdiction means the power of a court to take cognizance of and to decide a case and to carry its judgment and decree into execution. Franklin v. Bonner, 201 Iowa 516, 207 N. W. 778. See, also, Davis v. Preston, 129 Iowa 670, 106 N. W. 151.

"Sufficient to state that, under the instant record, it must be accepted that the trial court had jurisdiction to rule the matter before it, and, although it ruled erroneously, this did

not authorize the remedy adopted by the petitioner herein. The writ heretofore issued is, therefore * * *.''

▮ ' And so in the case at bar the distinguished and able trial court had jurisdiction to rule upon the motion before him, and whether he was right or wrong cannot be reviewed by certiorari. Accordingly the writ is annulled.

All JUSTICES concur.