**Florence WILSON, Appellee,**

v.

**William H. WILSON, Appellant.**

**No. 54949.**

Supreme Court of Iowa.

May 11, 1972.

Sackett & Sackett, Spencer, for appellant.

James, Greer, Hoover, Nelson & Bertell, Spencer, for appellee.

LeGRAND, Justice.

This is an appeal from a decree granting plaintiff a divorce under Chapter 598, The Code, 1966. The decree also settled the property rights of the parties and awarded plaintiff alimony in the amount of $1500.00 payable over a two-and-one-half-year period.

Defendant challenges both the granting of the divorce and the financial advantages accruing to plaintiff under its terms. We affirm the trial court.

Plaintiff's action was filed, tried, and decided under chapter 598, The Code, 1966. While the case was pending, this chapter was repealed and supplanted by the new Dissolution of Marriage Act. (Chapter 1266, Acts of the Sixty-third G.A., Second Session.) This legislation now appears as chapter 598 in the 1971 Code.

The entry of a decree under the provisions of chapter 598, The Code, 1966, forms the basis for defendant's first proposition for reversal. He argues the trial court was stripped of jurisdiction to proceed under the repealed statute after the effective date of the new law. We dispose of this issue before reaching the other two matters upon which defendant relies.

I. The status of actions for divorce pending under the repealed chapter when the Dissolution of Marriage Act became effective is one of legislative intent. We discussed this matter in Garrison v. Garrison, 179 N.W.2d 466, 468 (Iowa 1970), although it was not determinative in that case.

However, what we said in Garrison is significant here and strongly suggests the conclusion we believe to be inescapable:

"Ordinarily when a law is repealed without reenactment in substantially the same terms, absent a saving clause or general statute limiting the effect of such repeal, the rescinded act is operationally deemed to have never existed. * * *

"Although, as aforesaid, H.F. 1156, supra [later enacted as chapter 1266, Acts of the Sixty-third G.A.], repeals Code chapter 598, it apparently contains no express savings clause. *On the other hand we do have a general savings act relative to any rights accrued, or any proceedings commenced under a repealed law.* Section 4.1(1), Code, 1966. See also In re Incorporation of Town of Avon Lake, 249 Iowa 1112, 1116–1117, 88 N.W.2d 784, and Grant v. Norris, 249 Iowa 236, 245–247, 85 N.W.2d 261." (Emphasis added.) (179 N.W.2d at 468.)

The pertinent portion of section 4.1(1), Code of 1966, referred to in the above quotation sets out the following rule:

"In the construction of the statutes, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the general assembly, or repugnant to the context of the statute:

"1. Repeal—effect of. The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

This rule of construction must be read also in relation to section 598.33, The Code of 1971 (the new Dissolution of Marriage Act) which stipulates:

"Any cause of action pending upon July 1, 1970 [the effective date of the new act] which may be affected by this chapter, may be decided pursuant to the provisions of this chapter if both parties to the action so agree."

■ It was clearly the legislative intent that actions pending under our old divorce statute (chapter 598, The Code, 1966) at the time the new Dissolution of Marriage Act became effective should be prosecuted to completion under the law as it existed when the action was commenced unless the parties agreed to proceed under the new act. Where, as here, the parties did not so agree, the trial court properly treated the case as one to be tried and determined under chapter 598 of the 1966 Code.

■ II. Defendant next urges upon us the argument that there is insufficient evidence to prove either of plaintiff's two grounds for divorce. His most serious complaint in this regard is his insistence that there was no corroborating evidence upon which the trial court could have based its decree. Without corroboration, of course, a divorce may not be granted. Section 598.7, The Code, 1966; Erickson v. Erickson, 261 Iowa 264, 269, 154 N.W.2d 106, 110 (1967).

Plaintiff set out two grounds for divorce —cruel and inhuman treatment and adultery. Both concern defendant's conduct with the "other woman." Except for this, plaintiff concedes that defendant was a model husband. He was a good provider and treated her well. She alleges no physical abuse, and there is none of the usual incompatibility which characterizes most divorce actions. If she is entitled to a divorce, it must be because she has proven her contention that defendant's conduct amounted to either cruel and inhuman treatment or adultery.

■ Like the trial court, we hold she has shown herself entitled to a divorce on both grounds. It would serve no useful purpose to detail the evidence which we believe justified the trial court in reaching this conclusion. At best divorce cases furnish little by way of precedent. As pointed out in Kayser v. Kayser, 164 N.W.2d 95, 101 (Iowa 1969) and the authority there cited, each case must necessarily depend upon its own facts. Of course, this is even more true of the present controversy because it was decided under the provisions of a statute now inoperative. Nothing we say here would be helpful in future cases seeking the termination of an unsatisfactory marriage under the new no-fault concept of our Dissolution of Marriage Act. We therefore limit ourselves to saying we find compelling evidence, adequately corroborated, to support plaintiff's petition.

■ ■ We have held one may be guilty of cruel and inhuman treatment such as to endanger life without physical violence and that the conduct of the spouse toward another person of the opposite sex, even though it falls short of adultery, may justify a divorce. Arnold v. Arnold, 257 Iowa 429, 434–435, 133 N.W.2d 53, 57 (1965) and citations.

■ We have also held adultery may be established by circumstantial evidence if the evidence is such that it leads naturally and fairly to a conclusion of guilt and is inconsistent with any theory of innocence. Kayser v. Kayser, supra, 164 N.W.2d at 101–103; Kaduce v. Kaduce, 176 N.W.2d 779, 781 (Iowa 1970), and citations.

■ The record before us establishes both grounds alleged by plaintiff. When a spouse, who has already openly stated he preferred the company of another woman to that of his wife; who has repeatedly and consistently absented himself from his home overnight; who subsequently took up residence in the same house where his new romantic interest lived; and who thereafter admittedly took a two-week junket with her across the country, during which time they stayed together in motels, although they had "different rooms", it does not strain our imagination to reach the conclusion there is ample proof of adultery. When we add to these circumstances the equivocation of both defendant and his traveling companion in answering some questions and their outright refusal to answer others, we find the evidence is such that it indeed leads "naturally and fairly to the conclusion of guilt and is inconsistent with any theory of innocence."

■ Plaintiff's testimony detailing the effect this conduct had on her health also establishes her right to a divorce on the ground of cruelty. See Arnold v. Arnold, supra, 257 Iowa at 434, 133 N.W.2d at 57.

■ We answer defendant's claim there was a failure of corroboration by pointing out both defendant and the woman with whom he made his trip admitted they traveled together to Pennsylvania, Wisconsin, and other places, and stayed in the same motels during that period. It is true they both testified they had separate rooms, but apparently the trial court viewed this unlikely story with considerable skepticism. So do we. We are per-

suaded this testimony furnishes ample corroboration to support the decree. Actually under our previous holdings the testimony of defendant alone would be sufficient corroboration. Bullocks v. Bullocks, 259 Iowa 496, 498, 144 N.W.2d 924, 926 (1966); Arnold v. Arnold, supra, 257 Iowa at 435, 133 N.W.2d at 57.

■ III. We also affirm the trial court on the division of property and the allowance of alimony. The parties were married approximately 13 years. Plaintiff worked during part of that time although admittedly defendant was the chief provider. They had little property at the time their marriage foundered. When they separated—some time before the petition was filed—they apportioned their personal property by agreement. Defendant took the 1966 Buick Skylark automobile which they owned. He also kept the checking account funds amounting to between $700.00 and $800.00. The parties owned government bonds with a value of $275.72. These were applied to plaintiff's attorney's fees.

■ When the decree was entered, the only asset undisposed of was residential property in South Dakota, which had been purchased in 1961 at a cost of $10,500.00. Title was held in both names. The property had been purchased with a $500.00 downpayment from their common funds. Plaintiff's mother lent them $5000.00 and the remaining $5000.00 of the purchase price was obtained by a loan secured by a mortgage on the property. At the time of the divorce there was still owing $2666.44 on the loan from plaintiff's mother. The unpaid balance on the mortgage was $1300.00. In addition it should be noted the parties separated in 1968 and the decree was entered in 1971. During that time defendant contributed only $40.00 toward plaintiff's support.

The trial court awarded plaintiff title to this real estate, subject to the outstanding mortgage indebtedness against it. The de-

cree also directs that she repay the balance due on the loan from her mother. In addition the court ordered defendant to pay plaintiff $50.00 a month for a period of 30 months, or a total of $1500.00. Defendant says the property settlement and the alimony award were excessive, and asks us to make a more equitable distribution.

Under all the circumstances shown by the evidence here, we decline to make any change in the decree. When the parties separated, defendant took most of the personal property. Furthermore during the three years or more before the divorce was granted, he completely ignored his obligation to support his wife except for one payment of $40.00.

Plaintiff at the time of the divorce was earning approximately $50.00 a week. Defendant's earnings are not great, but they are considerably larger than hers. We cannot say the allowance made by the trial court was excessive, nor do we find we should disturb it in any way.

IV. Plaintiff asks an allowance of $1200.00 for attorney fees in connection with this appeal. No statement of services rendered nor time spent has been submitted. Consequently we have little upon which to base a determination as to fees. However, we have held it is proper to require a husband to pay attorney fees for his wife on appeal from a divorce decree. Arnold v. Arnold, 257 Iowa at 444, 133 N.W.2d at 63; Erickson v. Erickson, supra, 261 Iowa at 274, 154 N.W.2d at 113. We have also said we may resort to our own experience in fixing the reasonable amount of fees to be allowed. Under all the circumstances in this case we hold defendant should contribute $500.00 toward plaintiff's attorney fees. We do not intend to establish what the attorney fees should be; we only determine the amount defendant shall pay.

With the proviso that judgment be rendered against defendant for $500.00 for plaintiff's attorney fees, the decree of the trial court is affirmed.

Affirmed.

All Justices concur, except Mc-CORMICK, J., who takes no part.