**William B. ABERSON, Plaintiff,**

v.

**Barnett GLASSMAN, Defendant.**

**No. 74 Civ. 5541–LFM.**

United States District Court,
S. D. New York.

March 18, 1976.

Pollack & Kaminsky, New York City, for defendant by Martin I. Kaminsky, Richard M. Asche, Sander M. Rabin, New York City.

Daniel H. Greenberg, New York City, for plaintiff.

## OPINION

MacMAHON, District Judge.

Defendant moves, pursuant to Rules 55(c) and 60(b), Fed.R.Civ.P., to vacate a default entered against him on September 30, 1975. The default was entered upon plaintiff's motion when defendant's attorney failed to appear at a pretrial conference on May 16, 1975 and after defendant personally failed to appear for his duly noticed deposition on May 27, 1975 and again on May 30, despite

the fact that, on plaintiff's application, this court had ordered defendant's appearance on the latter date with a warning that a default would be entered if he failed to appear. The complaint, which seeks damages and injunctive relief, alleges that defendant brought numerous suits against plaintiff for the sole purpose of harassment and extortion.

A court may set aside a default if the defaulting party shows good cause for his default and a meritorious defense.[1] There is no question that defendant's attorney had due notice of the pretrial conference, of the deposition to be held on May 27, and of our order directing defendant to appear for a deposition on May 30. Defendant avers, however, that his then attorney, Seymour Detsky, never informed him of the scheduled depositions and, therefore, the default should be set aside since there was no negligence or misconduct on defendant's part. However, without some mitigating circumstance not present here, lack of diligence or mere carelessness on the part of a party's attorney is not sufficient cause to set aside a default.[2] Courts must conduct their business with lawyers, and notice to, or knowledge of, an attorney regarding a legal proceeding is, therefore, generally imputed to his client.[3] Having voluntarily chosen his attorney, the defendant cannot now avoid the consequences of the acts or omissions of his freely selected agent.[4]

Moreover, Detsky, in his affidavit submitted in response to plaintiff's motion for default, in a letter to the court dated December 13, 1975, and at the hearing held on defendant's motion to set aside the default, vigorously asserts that his client was aware of his obligation to appear in New York for his deposition but preferred to answer questions in California through written interrogatories. Indeed, defendant admits, in his affidavit of January 5, 1976 submitted in support of the instant application, that during the spring and summer of 1975 he was aware that plaintiff was seeking his deposition but was under a doctor's instruction not to travel to New York from his home in California. However, in another case in this court, defendant swore that during this period when his health prevented him from attending the New York depositions, he spent five or six months here and commuted between New York and California every month between April and December 1975.[5]

A pretrial and discovery schedule must be established and adhered to if this busy court is to be expected to handle the growing number of disputes brought before it. To allow defendant to prevail here upon his unsupported and incredible accusation that his attorney was at fault makes a mockery of the orders of this court and the rights of other deserving litigants waiting in a long line to have their day in court and their claims resolved in an expeditious and orderly manner.

Accordingly, defendant's motion to set aside the default is denied.

So ordered.

1. *Meyer v. Lavelle*, 64 F.R.D. 533 (E.D.Pa. 1974).

2. *Greenspun v. Bogan*, 492 F.2d 375, 382 (1st Cir. 1974); *Ohliger v. United States*, 308 F.2d 667 (2d Cir. 1962); *Geigel v. Sea Land Serv., Inc.*, 44 F.R.D. 1 (D.P.R.1968); *Alevizopoulos v. Central American Agency*, 137 F.Supp. 689 (S.D.N.Y.1955).

3. *Mansour v. Reeves Bldgs., Inc.*, 383 F.Supp. 482 (S.D.W.Va.1973).

4. *Geigel v. Sea Land Serv., Inc., supra.*

5. *Trophy Productions, Inc. v. Glassman*, Docket No. 75 Civ. 1253 (S.D.N.Y.), Report of Magistrate Jacobs (Feb. 26, 1975), p. 2.