In re the MARRIAGE OF Jean Ann SHORT and Michael E. Short, Jr.

Upon the Petition of Jean Ann SHORT, Appellee, and concerning Michael E. SHORT, Jr., Appellant.

No. 60210.

Supreme Court of Iowa.

March 22, 1978.

Gary R. Hassel, Des Moines, for appellant.

Carl Nielsen, Altoona, for appellee.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

In this case we must determine whether trial court erred in denying respondent-husband's petition to vacate a default dissolution decree where he was not allowed to present evidence in support of alleged extrinsic fraud by wife. We reverse and remand for further proceedings.

I. The relevant procedural background can be briefly stated. On September 19, 1973 petitioner filed a petition for dissolution of marriage in Polk County District Court. After considerable delay a decree of dissolution was entered on December 4, 1975. Respondent was found to be in default. There is no dispute respondent was properly served notice of this action and date of final hearing.

On September 27, 1976 respondent filed a petition to vacate the default dissolution decree pursuant to Iowa Rules of Civil Procedure 252, 253, with an attached affidavit under R.C.P. 80(b). In the petition respondent alleged that he had reconciled with petitioner on September 23, 1973 and lived with her as husband and wife up to and including December 4, 1975, the date the decree was entered. Throughout this time span petitioner allegedly assured respondent that the dissolution of marriage action was inactive and he need not be concerned or take any further action. After the decree was entered, petitioner allegedly again assured respondent she did not want child support and that he need not pay. Respondent plead he was unaware of any impropriety in the assurances given until September 13, 1976 when he was notified by the Polk County Friend of Court office he was behind in his child support payments. Respondent's attached affidavit included:

"That upon the assurances of my wife I did not obtain legal counsel and that by and through the assurances provided me by my wife I was deprived of my due process rights in this litigation and sustained extensive damages."

Respondent prayed for a new trial to protect his "due process privileges."

Petitioner-wife answered generally denying these allegations and requested a time be set for hearing and a preliminary determination on the validity of the grounds to vacate as provided by R.C.P. 253(d).

Thereafter a hearing was set for December 6, 1976. Attorneys for both parties met with Judge Dale Missildine in his chambers prior to the scheduled hearing for a pretrial discussion. After reviewing the file and hearing the comments of counsel, Judge Missildine refused to take sworn testimony relative to the petition and directed petitioner's attorney to prepare an order denying the petition to vacate which was duly filed on December 10. That order provided:

"NOW ON THIS 10 day of December, 1976, this matter comes before the Court on Respondent's Petition to set aside the final decree under Rule 252 and 253.

"The Court having examined the file and being advised by statements of counsel for Michael E. Short, Jr., Gary Hassel and Counsel for Jean Ann Short, finds that Michael E. Short, Jr., was served with Original Notice of pendency of this action. It is admitted by Respondent's attorney that Michael E. Short, Jr., knew of the date and place set for final hearing which was the finding of the trial Court before ordering his default and entering the final Decree. The Court finds that Notice did state in writing that child support, attorney fees and property distribution would be determined on December 3, 1975, at 9:00 A.M., C.S.T. The Court finds that Respondent did not avail himself of that opportunity to be heard and that no valid grounds exist to vacate the original Decree entered herein under Rule 252(B) and no evidence is claimed to allow relief under R.C.P. 252 A, C, D, E, or F.

"IT IS THEREFORE ORDERED that the Petition to vacate is denied, and said Petition to vacate is dismissed.

"Costs are assessed to the Respondent.

/s/ Dale Missildine
JUDGE OF THE FIFTH
JUDICIAL DISTRICT"

As suggested by the court on December 6, respondent on December 9 filed an application to modify the decree alleging a substantial change of circumstances in his financial situation which supported a reduction in child support. After hearing the trial court denied the requested relief on December 21, 1976.

Respondent now appeals only from the December 10 order which dismissed his petition to vacate.

II. Respondent relied on two separate grounds as the basis for his Rule 252 motion. That rule in relevant part provides:

"Upon timely petition and notice under rule 253 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds:

" * * *

"(b) Irregularity or fraud practiced in obtaining same.

" * * *

"(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial under rule 244."

Rule 253 governs the procedure under which a party must operate in seeking relief under the foregoing rule. It provides:

"(a) Petition. A petition for relief under Rule 252 must be filed in the original action within one year after the rendition of the judgment or order involved. It shall state the grounds for relief, and, if it seeks a new trial, show that they could not have been discovered in time to proceed under Rule 236 or 244, and were discovered afterwards. Unless the pleadings in the original action alleged a meritorious action or defense the petition shall do so. It shall be supported by affidavit as provided in Rule 80(b).

"(b) Notice. After filing the petition, and also within the year aforesaid, petitioner must serve the adverse party with an original notice in the manner provided in Division III of these Rules.

"(c) Trial. The Court shall promptly assign the petition for trial not less than twenty days after notice is served. The petition shall stand denied without answer; otherwise the issues and pleadings, and form and manner of the trial shall be the same, as nearly as may be, as in the trial of an ordinary action to the court, and with the same right of appeal. No new cause of action shall be introduced.

"(d) Preliminary Determination. The Court may try and determine the validity of the grounds to vacate or modify a judgment or order before trying the validity of the cause of action or defense claimed.

"(e) * * *."

III. Where, as here, a party attempts to set a decree aside based on extrinsic fraud, it casts on him the burden to prove the same. *Cook v. Cook*, 259 Iowa 825, 830–831, 146 N.W.2d 273, 276; *Svoboda v. Svoboda*, 245 Iowa 111, 119, 60 N.W.2d 859, 864.

Extrinsic fraud is some act or conduct of the prevailing party which has prevented a fair submission of the controversy. It includes lulling a party into a false sense of security or preventing him from making a defense. *Stearns v. Stearns*, Iowa, 187 N.W.2d 733, 735, and citations.

Respondent alleged and by his affidavit claimed petitioner did just that. Whether he could so prove we do not know. No evidence was taken. The assigned hearing was not held. After an in-chambers unreported pretrial discussion with counsel, the court summarily dismissed the petition to vacate the December 4, 1975 decree. Respondent was thereby denied his right to present evidence and make a record. The trial court thus committed reversible error. We have repeatedly held:

"'It is the policy of the law that every cause of action should be tried upon its merits,—that every party to an action shall have his day in court.'"

See *Western Grocer Co. v. Glenn*, 226 Iowa 1374, 1375, 286 N.W. 441; *First Nat. Bank v. Federal Reserve Bank*, 210 Iowa 521, 527, 231 N.W. 453, 456.

Recently we addressed a similar issue relating to the trial court's power to preclude introduction of evidence on an issue properly before it. In *Parrish v. Denato*, 262 N.W.2d 281 (1978), we held a trial court erred and acted illegally when it did not allow a criminal defense lawyer to present expert testimony of other lawyers on the issue of "reasonable compensation" within the meaning of section 775.5 (now section 815.7, Supplement to the Code 1977). There we explicitly rejected the argument that trial courts can exclude all evidence on an issue and "rely solely on its own special knowledge." This ruling is equally applicable here. Also see *State v. Boston*, 233 Iowa 1249, 1256–1259, 11 N.W.2d 407, 411–412.

IV. In light of our holding we need not pass on respondent's "newly discovered evidence" claim. Similarly, although respondent framed his appellate issue in terms of "due process," we need not consider any constitutional issue since it is not necessary for disposition of this case. *Motor Club of Iowa v. Dept. of Transp.*, Iowa, 251 N.W.2d 510, 519; *City of Des Moines v. Lohner*, Iowa, 168 N.W.2d 779, 782.

V. In her brief appellee requests allowance of attorney fees on this appeal. While a husband may properly be required to pay appellate attorney fees for his wife where he appeals from the provisions of a dissolution decree, *Wilson v. Wilson*, Iowa, 197 N.W.2d 589, 594, we have declined to so order in the absence of a proper trial record. *Locke v. Locke*, Iowa, 246 N.W.2d 246, 255. This is such a case. Costs are taxed one-half to each party.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

All Justices concur except UHLENHOPP, J., who dissents.

UHLENHOPP, Justice (dissenting).

My problem with the court's decision is that the record requires us to speculate that the original dissolution decree is wrong on the merits. Respondent husband did not

file an answer in defense to petitioner's petition for dissolution, and in respondent's own petition to vacate the dissolution decree he did not aver a defense to the original petition. Presumably the original petition sought and the original decree granted the usual three main items of relief: dissolution, custody, and economic provisions. If respondent has an objection or complaint as to any terms of the decree, he should aver his defenses since he did not plead to the original petition. A court should not set aside a decree where the applicant does not aver a meritorious defense.

From earliest days this court has required that the applicant allege he has a meritorious claim or defense, as the case may be. *Piggott v. Addicks*, 3 G. Greene 427, 429 (Iowa) ("There is no propriety in setting aside a judgment and opening the door for further litigation if the result is to be the same."). From the Revision of 1860 to the Code of 1939 Iowa had two procedures for vacating judgments, one to be commenced by the first day of the next term of court, and the other (like the present one) to be commenced within a year in most cases. Rev. 1860, §§ 3150, 3499–3506; see Code 1939, §§ 11589, 12787, and 12791–12800. In both procedures the statutes required a showing as to the merits. § 11589 ("but not unless an affidavit of merits is filed"); § 12796 ("The judgment shall not be vacated on motion or petition until it is adjudged there is a cause of action or defense to the action in which the judgment is rendered.").

Illustrative cases under these statutes are *Messenger v. Messenger*, 188 Iowa 367, 368, 176 N.W. 260 ("In support of her application to set aside the [divorce] decree, it was necessary for the defendant to show *prima facie* a good defense."); *In re Estate of Kinnan*, 218 Iowa 572, 577, 255 N.W. 632, 635 ("It is the uniform holding of this court that, where there is no showing of a defense to the action in which the judgment was obtained, it should not be set aside."); *Beardsley v. Clark,*, 229 Iowa 601, 294 N.W. 887; and *Thoreson v. Central States Electric Co.*, 225 Iowa 1406, 283 N.W. 253.

This court promulgated the rules of civil procedure in 1943. Rule 236 and rules 252 and 253 supplanted the cited statutes. The rules of civil procedure started the movement away from terms of court, and rule 236, which took the place of § 11589, requires that the motion be filed within 60 days, instead of by the first day of the next term. The rule does not expressly mandate the allegation of a meritorious claim or defense, but this court so requires in order for the movant to fulfill the "good cause" condition in the rule. *Flexsteel Industries, Inc. v. Morbern Industries Ltd.*, 239 N.W.2d 593 (Iowa). Respondent here cannot utilize rule 236, as he did not file his petition to vacate within 60 days.

Respondent's petition falls under rules 252 and 253. Rule 253 expressly requires that a meritorious defense (or action) be alleged, with only one exception—when the party alleged a meritorious defense or action in his original pleading. The language of the rule on this requirement is:

Unless the pleadings in the original action alleged a meritorious action or defense the petition shall do so. It shall be supported by affidavit as provided in rule 80 "*b*".

Just as this court had the requirement that a meritorious action or defense be alleged under the former statute, so this court has that requirement under rule 253. *In re Marriage of Maskel*, 225 N.W.2d 115, 118 (Iowa) ("Rule 253(a) of the Rules of Civil Procedure requires that a petitioner such as Mrs. Maskel must in her petition aver a meritorious defense unless her original answer does so."); *Dragstra v. Northwestern State Bank*, 192 N.W.2d 786 (Iowa) (same rule).

In respondent's petition to vacate and supporting affidavit, he spells out at length the grounds he relies on to set aside the original decree. But he does not aver what his defense is to the dissolution prayed, if any he has; so far as appears the dissolution decreed may be proper. He may intend not to try to defend against a dissolution itself, since we have no-fault dissolution. *In re Williams' Marriage*, 199 N.W.2d

339 (Iowa). In any event, he does not aver his defense if any to the child custody claim of petitioner-wife; so far as one can tell, the custody decreed is right. Nor does he aver a defense to the wife's original request for economic provisions; for all that we know, those terms of the decree are equitable. Respondent's petition is fatally deficient.

Although corresponding rule 60 of the Federal Rules of Civil Procedure does not expressly require a defendant seeking to vacate a judgment to aver a meritorious defense, the federal courts so require. Illustrative decisions are *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 (4 Cir.) ("In order to obtain relief under rule 60(b)(1), a party must show that he had an acceptable excuse for lapsing into default *and* that he has a meritorious defense to the action."); *Wokan v. Alladin International, Inc.*, 485 F.2d 1232, 1234 (3 Cir.) ("On a motion to set aside a default or a default judgment, the moving party must show that he has a meritorious defense."); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10 Cir.) ("that party must show that there was good reason for the default and that he has a meritorious defense to the action"); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249 (4 Cir.); *Bell Tel. Laboratories, Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16 (D.Del.); *Aberson v. Glassman*, 70 F.R.D. 683, 684 (S.D.N.Y.) ("A court may set aside a default if the defaulting party shows good cause for his default and a meritorious defense."); *Usery v. Weiner Bros., Inc.*, 70 F.R.D. 615 (D.Conn.).

I am unwilling to speculate that the original decree is wrong on the merits. I would affirm.