In re the MARRIAGE OF BAUDER.

Upon the Petition of Frank P. BAUDER,
Petitioner-Appellant,

v.

Georgeanne R. BAUDER,
Respondent-Appellee.

No. 3–66139.

Court of Appeals of Iowa.

Nov. 24, 1981.

James R. Bowers of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for petitioner-appellant.

Doyle D. Sanders of Peddicord, Simpson & Sutphin, Des Moines, for respondent-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

PER CURIAM.

Petitioner-husband appeals the trial court's order modifying the parties' dissolution of marriage decree obtained in a default proceeding, which transferred custody of the parties' minor child to respondent-wife, awarded the wife $75 per week in child support and transferred possession of one of the parties' automobiles to the wife. The parties' rendition of the facts in this case is inconsistent, necessitating a rather lengthy summary of the relevant points.

Petitioner, Frank P. Bauder, and respondent, Georgeanne R. Bauder, were married November 5, 1978. Jennifer Ann Bauder was born to the parties July 13, 1979. The parties separated in April of 1980, with Frank maintaining the sole custody and care of Jennifer since the separation.

On April 21, 1980, Frank filed a petition for dissolution of marriage. Georgeanne was personally served with an original notice on that day. Georgeanne failed to obtain the assistance of legal counsel and failed to file an appearance, answer, responsive pleading or take any other defensive action. As a result, the court found Georgeanne to be in default on July 22, 1980.

At the July 1980 proceeding, the trial court found that Georgeanne had issued a quit claim deed of the family home to Frank, and proceeded to quiet title to the property in the name of Frank Bauder. The court also found, presumably because of Georgeanne's lack of response to the proceedings, that the best interests of Jennifer required Frank to be awarded custody. The 1978 Camero was awarded to Frank because Frank claimed he had no other means of transportation to and from work. Georgeanne was not apprised of the entry of the decree of dissolution and property settlement until August 6, 1980, when Frank called her at her parents' home in Graham, Washington.

On September 5, 1980, Georgeanne filed a petition to modify the decree or grant a new trial pursuant to rules 252 and 253 of the Iowa Rules of Civil Procedure. Georgeanne claimed that Frank obtained the decree by extrinsic fraud practiced upon the trial court. Specifically, Georgeanne claimed Frank falsely led her to believe the dissolution proceedings had been dismissed for his failure to prosecute the matter, which induced her not to take any defensive action. In addition, she claimed Frank

fraudulently and falsely led the court to believe that he did not know Georgeanne's address at the time of trial, that Georgeanne refused to participate in scheduled conciliation proceedings and that Georgeanne abandoned all of her rights to the parties' assets and all interest in participating in the parties' marriage.

A hearing on Georgeanne's petition to vacate or modify the decree was held on December 30, 1980, before the Honorable Rodney J. Ryan, the judge who issued the original decree of dissolution. Both Georgeanne and Frank testified at that proceeding. From the evidence and testimony adduced, the trial court made the following findings of fact: (a) Georgeanne was unable to procure legal assistance due to the lack of financial resources; (b) Frank canceled the hearing for temporary custody and support of Jennifer scheduled for May 5, 1980, in exchange for Georgeanne's promise to participate in counseling sessions; (c) Frank made no effort to schedule counseling sessions but led Georgeanne to believe the delay was due solely to a backlog at the counselor's office; (d) Frank refused to allow Georgeanne to continue to reside in the family home on June 7, 1980, which forced her to move back to her parents' home in Graham, Washington; (e) Frank led Georgeanne to believe that he could no longer obtain a dissolution because of lapse of time; (f) Georgeanne could not visit Jennifer unless she agreed to stay with Frank and Jennifer in a motel; (g) at 2:30 a. m. on the morning of the trial, Frank called Georgeanne at her parents' home in Washington but did not mention anything about the trial to be held later in the morning; (h) Frank failed to tell the complete truth regarding his knowledge of Georgeanne's address, regarding the reason why Georgeanne did not participate in conciliation proceedings, regarding her reason for transferring to Frank a quit claim deed to the family home, and that Frank in fact had access to another automobile. The court then proceeded to modify the original decree on the grounds of irregularity or fraud on the part of Frank. Georgeanne was awarded custody of Jennifer, child support of $75 per week and the 1978 Camero. Frank was also ordered to pay $500 of Georgeanne's attorney fees and all the court costs.

Frank is appealing the trial court's modification of the July 22, 1980, decree essentially on the grounds that there was not a substantial or material change in the circumstances of the parties since entry of the decree to support a modification, and even if there were substantial changes, the court acted unreasonably in making its custody award and property settlement. We conclude both of Frank's contentions are void of merit.

Iowa Rule of Civil Procedure 252 allows a court to modify or vacate a final judgment on the ground of irregularity or fraud practiced upon the court. Iowa R. Civil P. 252(b). Where fraud is asserted as the ground for vacating a judgment, it "must be extrinsic fraud or collateral to the matter directly involved in the original case." *Sorenson v. Sorenson*, 254 Iowa 817, 825, 119 N.W.2d 129, 134 (1963). "Extrinsic fraud is some act or conduct of the prevailing party which has prevented a fair submission of the controversy. It includes lulling a party into a false sense of security or preventing him from making a defense." *In re Marriage of Short*, 263 N.W.2d 720, 723 (Iowa 1978). That remedy for relief against a judgment is separate and distinct from a proceeding to modify a decree of dissolution, (*see Sorenson v. Sorenson*, 254 Iowa at 825, 119 N.W.2d at 134), in which the petition must assert sufficient changes in circumstances since the decree that would warrant a modification of the decree. § 598.14, The Code 1979. Where an award of custody is set aside as a nullity under Rules 252 the custody question is an issue for original determination. *Heyer v. Peterson*, 307 N.W.2d 1, 7 (Iowa 1981). Thus, Frank's contentions that there were insufficient changes in the circumstances of the parties to warrant modification of the decree are irrelevant if the trial court properly concluded that fraud had in fact been perpetrated on the court by Frank.

Our review of a proceeding for the vacation of a judgment is not de novo. *Kreft v. Fisher Aviation, Inc.*, 264 N.W.2d 297, 303 (Iowa 1978). The trial court has considerable discretion in deciding whether to afford relief when a vacation of judgment is sought. *Id.* We cannot find any facts in the record that would indicate the trial court abused its discretion in modifying the original decree on the basis of fraud practiced by Frank. There is overwhelming evidence of fraud on the part of Frank. *Cf. In re Marriage of Short*, 263 N.W.2d 720, 723 (Iowa 1978). Consequently, we reject Frank's contention that the trial court improperly modified the decree of dissolution.

Our review of Frank's second contention, that the trial court unreasonably awarded Georgeanne custody of Jennifer, $75 per week in child support and possession of the 1978 Camero is de novo. Iowa R.App.P. 4. We are not bound by the trial court's findings of fact, but we give weight to them, especially regarding the credibility of witnesses. Iowa R.App.P. 14(f)(7). Our most important objective is to place Jennifer with the parent who will most effectively minister to the long-range best interests of the child. *In re Marriage of Bowen*, 219 N.W.2d 683, 687–88 (Iowa 1974).

We have already indicated our support of the trial court's conclusion that Georgeanne was a more credible witness than Frank, and that conclusion factors into our balancing process for determining which parent could best minister to the best interests of the child. *In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973). We also consider the factors enumerated in *In re Marriage of Winter*, 223 N.W.2d 165, 166 (Iowa 1974).

Our focus on Frank's lack of honesty at trial is not an indirect means of punishing Frank by denying him custody of Jennifer. The custody issue is a matter far too important to be used as a device to reward or punish a parent. In reaching our decision, we take notice of the trial court's first-hand impression of Frank's maturity, stability, moral and ethical values, and Frank's exhibited lack of cooperation in permitting Jennifer's mother to visit the child. *See In re Marriage of Winter*, 223 N.W.2d 166–67; *In re Marriage of Burham*, 283 N.W.2d 269, 276 (Iowa 1979). All things considered, we affirm the trial court's order granting custody of Jennifer to Georgeanne because we feel Georgeanne will more effectively minister to Jennifer's best interests than would Frank.

In our de novo review of the trial court's award of child support in the amount of $75 per week, we think the award was excessively high. The award is reduced to $50 per week. *See In re Marriage of Murray*, 213 N.W.2d 657, 661 (Iowa 1973).

On the issue of the division of assets, we conclude the trial court's award constitutes a fair and equitable award under the facts of this case. *See Locke v. Locke*, 246 N.W.2d 246, 251 (Iowa 1976). Considering each parties' relative financial standing, the trial court's award to Georgeanne of $500 toward her legal expenses is reasonable and is affirmed. *See In re Marriage of Erickson*, 228 N.W.2d 57, 59 (Iowa 1975); *In re Marriage of Stom*, 226 N.W.2d 797, 800 (Iowa 1975).

AFFIRMED.