Christopher SELLETTI, Plaintiff,

v.

Mariah CAREY, Sony Music Entertainment, Inc., Sony Songs, Inc., Sony Music Publishing, Wallyworld Music, Rye Songs, WB Music Corporation, Columbia Records, Inc., Sylvester Stewart, p/k/a Sly Stone, Even Street Productions, Ltd., Jerry Goldstein, individually and as President of Even Street Productions, Ltd., Avenue Records, American Society of Composers, Authors & Publishers (ASCAP), Broadcast Music, Inc. (BMI), Steve Toppley and Ruby Jones, Defendants.

No. 96 Civ. 0016 (DC).

United States District Court,
S.D. New York.

July 25, 1997.

Thomas F. Liotti, Garden City, NY, for Christopher Selletti.

Parcher, Hayes & Liebman, P.C. by Jonathan Liebman, Orin Snyder, New York City, for Miriah Carey, Sony Music Entertainment, Inc.

Sbeglia & Shames by Richard Sbeglia, Mark C. Shames, New York City, for Even Street Productions, Ltd. and Avenue Records.

### MEMORANDUM DECISION

CHIN, District Judge.

On June 26, 1997, I issued an order dismissing Selletti's case with prejudice for failure to pay a discovery sanction and post security as required by my order dated May 21, 1997. Now, proposed incoming counsel for Selletti moves, by letter dated July 16, 1997, pursuant to Rule 60(b), Fed.R.Civ.P., to vacate the order of dismissal. Because the motion is not brought by Selletti's counsel of record, and because, in any event, Selletti has advanced no basis for vacating the order of dismissal, the motion to vacate is denied.

### BACKGROUND

In my May 21, 1997 Opinion and Order, I thoroughly recounted Selletti's failure to diligently prosecute this action, including his repeated failure to comply with discovery obligations and his violations of several orders of the Court. I will not repeat those shortcomings here. In my order, I ordered that Selletti post security, pursuant to Local Civil Rule 54.2, in the amount of $50,000 by June 16, 1997, and I imposed a monetary sanction against Selletti in the amount of $5,000 for his discovery abuses, to be paid within seven business days of my decision. In addition, I specifically cautioned Selletti that if he violated my order, "I [would] impose more severe sanctions, including, if appropriate, dismissal of this action with prejudice." (May 21, 1997 Opinion and Order at 20). Selletti did not pay the $5,000 sanction within the seven business days. Instead, he filed a patently premature notice of appeal with the Second Circuit, and thereafter moved before me for reargument or reconsideration. On June 4, 1997, I denied Selletti's motion for reargument or reconsideration on the record.

On June 16, 1997, I received a letter from Selletti's counsel, Thomas F. Liotti, Esq., regarding Selletti's inability to post the bond or pay the sanctions. Then, on June 18, 1997, I received a letter from Jonathan Liebman, Esq., counsel for Mariah Carey and the Sony defendants, seeking dismissal of Selletti's case. On June 20, 1997, four days after receiving Liotti's letter, I received a letter from Ross M. Gadye, Esq., stating that "I am writing this letter on behalf of Christopher Selletti, who has consulted me concerning his above-referenced lawsuit." Gadye then requested a two week stay for purposes, *inter alia*, of substituting counsel. Four days after that, on June 24, 1997, Liotti wrote to the Court in opposition to Liebman's June 18, 1997 letter requesting a dismissal. Liotti did not raise the issue of substitution of counsel in his June 24, or any other, letter, nor did he ever refer to Gadye or Gadye's June 20 letter.

On June 26, 1997, I issued an Order of Dismissal dismissing Selletti's complaint in its entirety with prejudice because of his failure to post security or pay the sanction, as required by my May 21 order (as amended on the record on June 4). Despite Selletti's violation of my May 21 order, I provided

that "[i]f ... Selletti is willing to promptly post a bond and pay the discovery sanction, his counsel should advise me of that fact in writing within three business days and I will consider vacating this order of dismissal." (June 26, 1996 Order of Dismissal at 3–4).

Three business days passed without word from Selletti. Then, on July 16, 1997, I received another letter from Gadye. In that letter, Gadye actually purports to represent Selletti in this action. Gadye complains that Liotti neglected to notify either Gadye or Selletti of my June 26 order of dismissal,[1] and that Gadye did not receive a copy of that order until July 14, 1997. Gadye then advises that Selletti is willing to pay the discovery sanctions, but requests a lowering of the amount of the required bond. Finally, Gadye requests that the order of dismissal be vacated. The only stated bases for the request are Selletti's reported delay in receiving notice of my June 26 order and his reported willingness now to pay the discovery sanction.

### DISCUSSION

#### A. *Who Is Counsel For Selletti?*

 Selletti's counsel of record in this case is, and always has been, Thomas F. Liotti, Esq. Gadye's June 20, 1997 letter, purportedly written "on behalf of Christopher Selletti, who has consulted [Gadye] concerning [his lawsuit]," does not accomplish a substitution of counsel. First, consultation is not the same as retention. Gadye's letter, at best, reports Selletti's desire to substitute Gadye for Liotti. Gadye does not purport to be appearing for Selletti. More importantly, however, a substitution of counsel can only be accomplished by order of the court. Local Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displace-

ment and the posture of the case, including its position, if any, on the calendar.

Local Civil Rule 1.4. Liotti has never been relieved or displaced as counsel for Selletti, nor did anyone ever attempt to make a showing of any basis for withdrawal or displacement. Indeed, Liotti wrote to the Court as Selletti's attorney even after Gadye wrote his June 20 letter. Therefore, Liotti is Selletti's legal representative in this case. Accordingly, Gadye cannot move to vacate the order of dismissal on behalf of Selletti. This basis alone is sufficient to deny the motion.

#### B. *Plaintiff's Motion To Vacate*

 Even assuming that Gadye is representing Selletti in this case, and that Selletti had properly moved to vacate the order of dismissal pursuant to Fed.R.Civ.P. 60(b), the motion is denied. Rule 60(b) establishes grounds on which a court in its discretion may relieve a party from a final judgment or order. It provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Thus, absent a showing of "mistake, inadvertence, surprise, or excusable neglect," a party will not be relieved of a default judgment or an order of dismissal entered for failure to comply with an order of the court. *See, e.g., Hines v. Seaboard Air Line R. Co.,* 341 F.2d 229 (2d Cir.1965); *Dolphin Plumbing Co. of Florida, Inc. v. Financial Corp. of North America,* 508 F.2d 1326 (5th Cir.1975); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202 (7th Cir.1984). The Second Circuit has instructed that to obtain relief under Rule 60(b), a movant "must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." *Employers Mut. Cas. Co. v. Key Pharmaceuticals,* 75 F.3d 815, 824–25 (2d Cir.1996) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986)).

---

**1.** Mr. Gadye refers in his letter to "the order dated June 20, 1997," but it is clear that he can only be referring to my June 26, 1997 order of dismissal.

Selletti has presented no such exceptional circumstances justifying Rule 60(b) relief.

Selletti has not clearly identified the basis for his motion to vacate, or the particular subsection of Rule 60(b) under which he moves. I assume, however, that the basis for Selletti's motion is twofold: (1) the neglect of his counsel Liotti, including in particular Liotti's alleged failure to advise Selletti of my June 26, 1997 order of dismissal, as well, perhaps, as Liotti's general handling of the discovery stage of this case; and (2) Selletti's professed willingness now to pay the discovery sanction. Selletti's arguments are unavailing.

■ The preliminary question I must address is the extent to which Selletti is bound by the conduct of his lawyer. Relief from errors of counsel is ordinarily sought pursuant to Rule 60(b)(1)[2] on the theory that such error constitutes mistake, inadvertence or excusable neglect. *See Nemaizer,* 793 F.2d at 62; *Kurfirst v. Birnbaum,* 1996 WL 612489, at *2 (E.D.N.Y. Oct. 19, 1996). In the seminal case of *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962), the Supreme Court clarified the client's responsibility for his counsel's conduct:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on his client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the act or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer,* 101 U.S. 320, 25 L.Ed. 955 (1879).

In short, as the Second Circuit recently explained, "a client is ordinarily bound by the acts of his lawyer." *Dodson v. Runyon,* 86 F.3d 37, 40 (2d Cir.1996) (citations omitted); *see also Teltronics Servs., Inc. v. L M Ericsson Telecomm., Inc.,* 642 F.2d 31, 36 (2d Cir.1981) (same), *cert. denied,* 450 U.S. 978, 101 S.Ct. 1511, 67 L.Ed.2d 813 (1981); *United Overseas Bank v. Marchand,* 1996 WL 695902, at *5–6 (S.D.N.Y. Dec. 4, 1996) (same). Thus, an attorney's inability to efficiently manage his caseload does not constitute grounds for relief from a final judgment. *United States v. Cirami,* 535 F.2d 736, 739 (2d Cir.1976). Likewise, " 'lack of diligence or mere carelessness' are not grounds for such relief." *Austin v. Alexander's Dept. Stores, Inc.,* 1985 WL 2886, at *1 (S.D.N.Y. Oct. 1, 1985) (citing *Aberson v. Glassman,* 70 F.R.D. 683, 684 (S.D.N.Y.1976)).

There is nothing in the record to suggest that Liotti did not conduct this litigation—including the lack of diligent prosecution and various violations of my orders—in exactly the manner desired by Selletti, and with his full complicity. In fact, plaintiff's efforts to publicize his case, including his broadcasting of documents and information while not providing those same items to defendants in discovery, appear to have been the joint efforts of Selletti and Liotti. Even if Liotti's alleged malfeasance or nonfeasance took place without Selletti's consent, however, Selletti is bound by the acts of his lawyer. Selletti has presented no basis for deviation from this basic principle. Accordingly, I proceed to analyze Selletti's Rule 60(b) motion, treating Selletti as bound by the conduct of his lawyer.

■ Under Rule 41(b), Fed.R.Civ.P., a Court may dismiss an action with prejudice for failure of the plaintiff to comply with "any order of court." Likewise, under Local Rule 54.2, a Court may "dismiss[] the action or render[] a judgment by default against the [party that fails to post the required bond]." Thus, Selletti's Rule 60(b) motion must be analyzed in the context of Rule 41(b) and Local Rule 54.2.

**2.** Subsections (1) and (6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter. *United States v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir.), *cert. denied,* 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971). Since relief from errors of counsel is normally sought pursuant to Rule 60(b)(1), only that subsection is applicable and not Rule 60(b)(6).

The propriety of dismissal under Rule 41(b)[3] is determined by consideration of the following five factors:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the Court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996). On balance, these factors favor dismissal of the case with prejudice, and the plaintiff does not now present any exceptional circumstances under Rule 60(b) justifying relief from the dismissal.

First, to date, plaintiff has failed both to pay the sanctions and to post the security as required by my order. The security was to be posted by June 16, 1997, and the discovery sanction was to paid by June 2, 1997. On June 4, 1997, I extended the June 2 deadline to June 6. In his June 6, June 16 and June 24 letters to the Court, Liotti acknowledged that Selletti had not yet complied with my order, and in fact stated that Selletti was unable to comply. Only in the July 16, 1997 letter from Gadye, who does not represent Selletti in this matter, is there an indication that Selletti is willing to pay the discovery sanction. Still, he has not, in fact, paid the $5,000. Moreover, nowhere, including in the July 16 letter, does Selletti indicate that he will post security in the required amount. Although in his most recent letter, Gadye states that Selletti requests a lowering of the amount of the bond, Liotti previously suggested in his June 24 letter that Selletti could not even pay the $5,000 discovery sanction:

As indicated to the Court in correspondence dated June 6, 1997 and June 16, 1997, Mr. Selletti remains unable to pay the sanctions or obtain the bond as required by your decision of May 21, 1997.

Because plaintiff has never complied with my order, and because the dates for compliance have long passed, this factor weighs heavily against plaintiff. *Cf. Twumasi v. Brennan Transp.,* 1996 WL 343056, at *4, n. 4 (S.D.N.Y. June 20, 1996) (finding duration of failure not relevant where the Court gave plaintiff a specific period to comply with its order).

Second, there is no question that Selletti was on notice that I intended to impose sanctions, including potentially dismissal of his case with prejudice, absent compliance with my order. Therefore, this factor also weighs against Selletti.

Third, the prejudice to defendants is significant. Defendants have expended large sums of money and invested significant energy in defending this case since Selletti filed suit on January 2, 1996. As discussed at length in my May 21 order, and on the record on June 4, Selletti has failed to diligently prosecute his case, he has repeatedly failed to comply with discovery obligations, and he has disregarded several court orders. As a result, defendants have incurred unnecessary costs. Vacating my order of dismissal with prejudice and reinstating Selletti's case would expose defendants to additional costs and further delay, all to their substantial prejudice.

Fourth, the Court's interest in managing its docket outweighs plaintiff's right to be given further opportunities to be heard. Selletti has had the opportunity to conduct discovery in this case, but has repeatedly failed to avail himself of that opportunity. Despite the delay resulting from plaintiff's conduct in this case, as well as the conduct of his attorney, Selletti was afforded the opportunity to continue prosecuting his case upon payment of the discovery sanction and posting of the bond in accordance with my order. He has elected not to do so. Accordingly, this factor weighs against Selletti.

Finally, less severe sanctions simply will not suffice here. I have given Selletti ample opportunity to have his case heard on the merits, as well as ample opportunity to comply with my orders. Selletti's failure to comply, following his previous violations of my

---

**3.** Because a dismissal under Local Rule 54.2 is in essence encompassed by a dismissal under Rule 41(b), I analyze the dismissal under the Rule 41(b) standard.

orders and failure to diligently prosecute his case, warranted dismissal of the case with prejudice.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the order of dismissal is denied.

SO ORDERED.