Christopher SELLETTI,
Plaintiff–Appellant,

v.

Mariah CAREY, Sony Music Entertainment Inc., Sony Songs, Inc., Sony Music Publishing, Avenue Records, and Broadcast Music Inc., Defendants–Appellees,

Sylvester Stewart, a/k/a Sly Stone, Steve Toppley, Ruby Jones, Wallyworld Music, Rye Songs, WB Music Corp, Columbia Records, Even Street Productions, Ltd., Jerry Goldstein, individually and as President of Even Street Productions, Ltd., and American Society of Composers, Authors and Publishers, Inc., Defendants.

Docket No. 00–9030.

United States Court of Appeals, Second Circuit.

June 20, 2001.

Jeffrey Levitt, Esq., Amityville, NY, for appellant.

Orin Snyder, Parcher, Hayes & Snyder, P.C.; Peter Shimamoto, on the brief, New York, NY, for appellees Carey, Sony Music Entertainment, Sony Songs, Inc.

Present WALKER, Chief Judge, JACOBS, Circuit Judge, and LARIMER,* Chief District Judge.

* The Honorable David G. Larimer of the United States District Court for the Western District of New York, sitting by designation.

20

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Christopher Selletti appeals from a July 31, 2000 judgment of the United States District Court for the Southern District of New York (Chin, *J.*) dismissing his complaint. *See Selletti v. Carey,* 194 F.R.D. 476 (S.D.N.Y.2000).

On January 2, 1996, Selletti brought suit in district court, claiming that defendant-appellee Mariah Carey had plagiarized in her song "Hero" an unpublished poem Selletti had allegedly written. On June 26, 1997, the district court dismissed Selletti's complaint as a sanction for Selletti's failure to pay previous monetary sanctions—a $5,000 sanction and $50,000 security bond for litigation costs—imposed for Selletti's violation of the district court's discovery orders. On appeal from that dismissal and the underlying order of monetary sanctions, we held that the monetary sanctions were within the district court's discretion, but that the district court erred in dismissing the action for failure to pay the sanctions without first considering Selletti's ability to pay. *See Selletti v. Carey,* 173 F.3d 104, 111 (2d Cir.1999).

On remand, the district court directed Selletti to produce a host of documents as evidence of his financial circumstances and thus the extent of his ability to pay the monetary sanctions. Selletti produced only some of the required documents and did so after the deadline imposed by the district court. In an order dated July 27, 2000, the district court again dismissed Selletti's complaint, citing three independent grounds: (1) Selletti's misconduct throughout the proceedings, independent of his failure to pay the monetary sanctions; (2) his conduct in response to the court's order to produce financial records; and (3) the court's conclusion that, based on the records produced by Selletti and his own admissions, he was financially able to pay the monetary sanctions. *See Selletti,* 194 F.R.D. at 478–79. Selletti appealed.

We review for abuse of discretion the district court's use of dismissal as a sanction. *See Selletti,* 173 F.3d at 110. We review any underlying findings of fact for clear error. *See Mackler Prods., Inc. v. Cohen,* 225 F.3d 136, 141 (2d Cir.2000).

Whether viewed individually or collectively, the grounds cited by the district court would justify the present dismissal. In our prior decision, we noted that Selletti's conduct in continuously delaying the proceedings in the district court, abusing the discovery process, and otherwise failing to expeditiously prosecute his case would be sufficient to justify dismissal as a sanction. Our concern lay only with the district court's refusal to consider Selletti's plea of poverty as an excuse for his failure to pay the monetary sanctions. *See Selletti,* 173 F.3d at 111–12.

The district court's justifications for its dismissal more than adequately addresses the concerns raised in our prior opinion. Indeed, all of the reasons for dismissal advanced by the district court fall within the allowable bases of dismissal that we indicated in our opinion: "On remand, the district court may consider whether dismissal is appropriate based on a finding that plaintiff was in fact able to pay the sanctions or post the required bond; [or] based on plaintiff's overall conduct apart from his noncompliance with those requirements . . . ." *Id.* at 113.

Given the evidence that Selletti's income and assets were ample, even without reliance on the records that Selletti improperly withheld from the court, Sellettti cannot show that the court clearly erred in concluding that Selletti was able to pay the $5,000 sanction.[1] Moreover, Selletti's longstanding and egregious pattern of delay, obstruction, and simple inaction, which we found previously to "weigh heavily in favor of dismissal," *id.* at 111, also put the district court well within the bounds of its discretion in dismissing the complaint. That pattern is only reinforced by Selletti's conduct after our remand, which, whether considered alone or in the aggregate with his previous conduct, would justify the district court's action.

We have considered the balance of Selletti's arguments and find them to be without merit.

Accordingly, the judgment of the district court is hereby **AFFIRMED.**

---

1. We believe that the finding that Selletti could have paid the $5,000 sanction was sufficient to justify dismissal, whether or not he could also have obtained the $50,000 bond.