Christopher SELLETTI,
Plaintiff–Appellant,

v.

Mariah CAREY, Defendant–Appellee,

Jonathan Liebman, Parcher Hayes & Liebman, P.C., Orrin Snyder, Parcher Hayes & Snyder, P.C., and Walter Afanasieff, Petitioners–Intervenors–Appellees,

Sony Music Entertainment, Inc., Sony Songs, Inc., Sony Music Publishing, Wallyworld Music, Rye Songs, WB Music Corporation, Columbia Records, Inc., Sylvester Stewart, a/k/a Sly Stone, Even Street Productions, Ltd., Jerry Goldstein, individually and as President of Even Street Productions, Ltd., Avenue Records, American Society of Composers, Authors, and Publishers, Broadcast Music, Inc, (BMI), Steve Toppley and Ruby Jones, Defendants.

No. 02–7899.

United States Court of Appeals,
Second Circuit.

July 29, 2003.

See also 17 Fed.Appx. 18, 2001 WL 699321.

Jeffrey Levitt, Amityville, NY, for Appellant.

Lorin L. Reisner, Debevoise & Plimpton (Mary Jo White and S. Gale Dick, Debevoise & Plimpton; L. Peter Parcher and

Orin Snyder, Parcher, Hayes & Snyder, on the brief), New York, NY, for Appellees.

Present: WALKER, Chief Judge, CALABRESI, Circuit Judge, and KORMAN,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Christopher Selletti appeals from the district court's order pursuant to the All Writs Act, 28 U.S.C. § 1651, enjoining him from pursuing his New York state complaint, which alleged that appellee Mariah Carey falsely claimed authorship of the lyrics of the song "Hero," and that the appellees had defrauded him in connection with Selletti's federal proceedings. We have reviewed this vexatiously protracted litigation, stemming from Selletti's charge that Mariah Carey falsely claimed authorship of the lyrics of the song "Hero," twice before. In 1997, the district court found Selletti's conduct dilatory and abusive, and ordered Selletti to pay $5,000 in sanctions, to post security in the amount of $50,000, and to produce the documents requested by the appellees. *See Selletti v. Carey,* 173 F.R.D. 96 (S.D.N.Y.1997) (*Selletti I*). When Selletti failed to pay the sanction or post the security bond, the district court dismissed his action with prejudice and denied his motion to vacate the dismissal, *Selletti v. Carey,* 174 F.R.D. 311 (S.D.N.Y. 1997) (*Selletti II*), and denied his second motion to vacate. *Selletti v. Carey,* 177 F.R.D. 189 (S.D.N.Y.1998) (*Selletti III*). We vacated the district court's 1997 dismissal order on the sole ground that the

district court had not considered Selletti's ability to pay the sanction and the security. *Selletti v. Carey,* 173 F.3d 104 (2d Cir.1999) (*Selletti IV*). On remand, the district court found that Selletti was indeed able to pay the sanction and the security, and again dismissed his claim with prejudice, *Selletti v. Carey,* 194 F.R.D. 476 (S.D.N.Y.2000) (*Selletti V*), and we affirmed. *Selletti v. Carey,* 17 Fed. Appx. 18, 2001 WL 699321 (2d Cir.2001) (*Selletti VI*). We presume familiarity with this case from those decisions.

We review a district court's decision to grant an injunction under the All Writs Act for abuse of discretion. *See United States v. Int'l Bhd. of Teamsters,* 266 F.3d 45, 49 (2d Cir.2001). Under the All Writs Act, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Specifically, the Act authorizes a district court "to enjoin actions in state courts where necessary to prevent relitigation of an existing federal judgment." *In re Baldwin–United Corp.,* 770 F.2d 328, 335 (2d Cir.1985); *see also Pa. Bureau of Corr. v. U.S. Marshals Serv.,* 474 U.S. 34, 40, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985) (The Writs Act "authorize[s] a federal court to issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.") (internal quotations and citations omitted).

The Anti–Injunction Act, 28 U.S.C. § 2283, limits district court's authority under the All Writs Act, but it permits injunctions where necessary "to protect or effectuate [a federal court's] judgment." *MLE Realty Assocs. v. Handler,* 192 F.3d

---

* The Honorable Edward R. Korman, of United States District Court for the Eastern District of New York, sitting by designation.

259, 261 (2d Cir.1999) (citing 28 U.S.C. § 2283). This provision, known as the "relitigation exception[,] was designed to permit a federal court to prevent state litigation of an issue that was previously presented to and decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). Interpreting this language in Chick Kam Choo, we have held that the relitigation exception is narrower than the doctrine of res judicata, "protect[ing] only matters that actually have been decided by a federal court." *MLE Realty Assoc.*, 192 F.3d at 262 (quoting *Staffer v. Bouchard Transp. Co.*, 878 F.2d 638, 643 (2d Cir.1989)). In assessing whether an action presents the same claim as an earlier action, we examine "whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Prime Mgmt. Co. v. Steinegger*, 904 F.2d 811, 816 (2d Cir.1990); *see also Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir.1991) ("[I]t is the *factual* predicate of the several claims asserted that determines whether *res judicata* will apply, not a litigant's ability to devise a new legal theory.") (internal quotation marks omitted).

Selletti's State Complaint alleges that Carey fraudulently claimed authorship of his poem in her song "Hero." The district court considered the merits of Selletti's claim as it weighed the equities of his Rule 60(b) motion:

> I am firmly convinced that Selletti's allegation that defendants misappropriated the lyrics to "Hero" from him is a complete fabrication. I reach that conclu-sion for at least four reasons. First, Selletti's story is patently incredible. Second, defendants' evidence that the lyrics were written by Carey and Afana-sieff is convincing. Third, Selletti has contradicted himself in material respects. Finally, Selletti has behaved not like a plaintiff with a meritorious claim but like a plaintiff without a legitimate claim who instead is intent on extorting potentially deep-pocket defendants.
>
> ... I have limited myself to determining whether there is *some* merit to his claims. I conclude that there is not.

*Selletti III*, 177 F.R.D. at 193. In his state complaint, Selletti alleges various acts of fraud by the appellees, such as misrepresenting Selletti's conduct during discovery, misrepresenting Ms. Carey's authorship of "Hero," and fabricating evidence. However, those same claims were raised before the federal district court in Selletti's affidavit on January 9, 1998, in his motion for relief from the district court's orders in June 1998, and in his attorney's affidavit in support of that motion in June 1998. In *Selletti I*, the district court ruled that Selletti's claims of fraud were "without foundation," and found that Carey's attorneys had "conducted this litigation entirely properly." 173 F.R.D. at 103 n. 6. In *Selletti III*, the district court "conclude[d] that [Selletti's] allegations are a complete fabrication." 177 F.R.D. at 190. On June 25, 1998, the district court noted that it had "reviewed plaintiff's moving papers, including the purported 'newly discovered evidence,'" and denied the motion "on the merits."

On review of the district court's previous orders, we affirmed *Selletti I*, but vacated the district court's June 26, 1997 order dismissing Selletti's claims on the grounds that the district court did not consider

Selletti's ability to pay the sanctions or post the required bond, and we remanded for the district court to address the issue. *Selletti IV,* 173 F.3d at 106, 113. Our vacatur was limited to that narrow question. While we dismissed as moot Selletti's appeal as it related to the district court's order denying Selletti's motion for relief in *Selletti III,* we affirmed the district court's decision in *Selletti I* which had concluded that Carey's counsel had acted "entirely properly" and not in bad faith, 173 F.R.D. at 103 n. 6, and we did not vacate any of the district court's decisions or legal conclusions on the merits. *Selletti IV,* 173 F.3d at 113. As we explained in our review of the district court's decision on remand, "[o]ur concern [in vacating the order of dismissal] lay only with the district court's refusal to consider Selletti's plea of poverty as an excuse for his failure to pay the monetary sanctions." *Selletti VI,* 17 Fed.Appx. at 20. The claims that Selletti raises in his state court petition have been litigated and "actually decided" in federal court. In exercising its power under the All Writs Act and the Anti–Injunction Act to protect its judgments, the district court did not abuse its discretion in enjoining Selletti from pursuing his state litigation.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**